Summers, J.
In Flatau v. Village of Mansfield, 14 O. C. C., 592, it is held that a judgment of conviction by a mayor of a violation of an ordinance is reviewable upon the weight of the evidence. Whether in that case the bill was taken at the trial does not appear.
In Village of Bradner v. Grundestish, 15 O. C. C., 32, it is held that a mayor is not authorized to allow time for the preparation of a bill of exceptions, and that a bill allowed and signed after the day of trial cannot be considered by a reviewing court.
In Village of Bellefontaine v. Vassaux, 55 Ohio St., 323, the court declined to determine whether the judgment of a mayor can be reviewed upon the weight of the evidence, but looked to the record to see if there was any evidence tending to support each element of the complaint.
In Slaughter v. City of Columbus, 61 Ohio St., 53, it is held that a conviction in a police court may be reviewed on the weight of the evidence.
Further light upon the questions presented may be had by an examination of the statutes.
*419 Section 125 (66 O. L,., 170) of the municipal code, provides that “any final sentence or conviction before the mayor may be examined and revised in the same manner and by the same tribunal as is provided for the examination and revision of any final sentence or conviction in the police court.”
Section 179, as amended (67 O. R., 72), provides that “any final conviction or sentence of the police court may be examined into by the court of common pleas on writ of error.”
In Williams v. The State, 25 Ohio St., 628, the supreme court, at its December, 1874, term, held that “Proceedings in error to review the final conviction or sentence of a police court are regulated by the provisions of the municipal code, sections 179, 180, 181. By these provisions there is no authority for taking an exception to the overruling a motion for a new trial on the ground that the verdict or finding of the court is not sustained by sufficient evidence, or for setting out the whole of the testimony in a bill of exceptions, if such motion be overruled. A reviewing court may not, therefore, weigh the testimony offered on the trial in the police court for the purpose of determining whether the conviction was right.”
This was followed by the act-of April 11, 1876, (73 O. L., 226), amending section 179 of the municipal code, so that one of the causes for allowing a writ of error “shall be the overruling of a motion for a new trial on the ground that the evidence or finding of said court is against the weight of the evidence.”
Section 181 provided that “The police court shall return on such writ of error, all matters of record or on file touching the proceedings, or a transcript thereof, and any facts which may have been noted by the judge or certified in the nature of a bill of exceptions at the time of trial.”
So the law stood prior to the revision of 1880. The judgment of a police court then could be reviewed on writ of error because of error in overruling a motion for a new trial on the weight of the evidence, and to that end a bill of exceptions could be taken at the time of trial, and by express provision of the statutes any final sentence or conviction before the mayor might be reviewed in the same manner.
In the Revised Statutes of 1880, section 125 of the code ap *420 pears as section 1752,, in which it is provided that a conviction under an ordinance may be reviewed by a petition in error in the same manner and to the same extent as was heretofore permitted on writs of error and certiorari, and that for this purpose a bill of exceptions may be taken, or a statement of facts be embodied in the record on the application of any party.
Section 179 of the code appears in section 7356, which provides, “In any criminal case, including a conviction for a violation of an ordinance of a municipal corporation, the judgment or final order of a court or officer inferior to the common pleas court may be reviewed in the common pleas court.”
Section 7358 provides that the proceedings to review shall be by petition in error.
Section 1792, relating to the police court, provides “and in any case a new trial may be granted within the same time and for the same causes as in like cases in the court of common pleas.”
“Hike cases in the court of common pleas” are criminal cases, and section 7350 prescribes for what causes a new trial may be granted in such cases, and one cause is that the verdict is not sustained by sufficient evidence.
Section 7304 provides for the taking of bills of exceptions in criminal cases, and that the taking of such bills shall be governed by the rules established in civil cases.
As we understand the opinion in Slaughetr v. Columbus, supra, the reasoning is in substance that the Revised Statutes of 1880 provide that a conviction in a police court may be reviewed by petition in error to the same extent as was previously done on writs of error, and as they were previously reviewed bn the weight of the evidence by writ of error they still may be so reviewed by petition in error. Upon like reasoning, it follows that a judgment of conviction under an ordinance by a mayor may be reviewed upon the weight of the evidence, for section 1752 of the Revised Statutes is not limited to convictions in a police court, but applies to convictions before a may- or, and provides that they may be reviewed by petition in error in the same manner and to the same extent as was theretofore, permitted on writs of error and certiorari, and since it was theretofore, and at the time of the revision, permitted to review a conviction under an ordinance before a mayor in the same manner *421 and by the same tribunal as was provided for the examination and revision of any final sentence or conviction in the police court, which, as we have seen, might be reviewed on the weight of the evidence, it follows that a conviction under an ordinance before the mayor may be now reviewed by petition in error on the weight of the evidence.
I remains to determine whether, time beyond the trial may be given to prepare the bill of exceptions.
It is contended that no time is' expressly fixed by statutes and, inasmuch as prior to the revision section 181 of the code provided that the police court should return on the writ or error any facts that may have been certified in the nature of a bill of exceptions at the time of the trial, that the mayor is without authority to allow a bill of exceptions at any time other than at the time of trial.
The almost universal practice is, when a review of the evidence is contemplated, to have the evidence taken down by a stenographer and subsequently transcribed and made into a bill of exceptions, and it would seem to be sticking in the bark to hold that the legislative intent, expressed in section 1752, to permit a review on the weight of the evidence may be defeated by allowing time for the preparation of the bill of exceptions that is necessary, to such review.
Section 1752 confers jurisdiction to allow a bill of exceptions, and section 1791, in addition to certain enumerated powers, confers upon the police court “such other powers incident to the court of common pleas as may be necessary for the exercise of the jurisdiction herein conferred.” This is broad enough to confer the power a court of common has in the matter of time.
In Slaughter v. City of Columbus, supra, the record disclosed that when the motion for a new trial was overruled, the police court allowed thirty days for the presentation and allowance of a bill of exceptions, and this would seem to be sufficient authority for the conclusion reached, for the presumption arises that the supreme court would not have remanded the case with instructions to consider the bill if the police court was without power to allow time for the taking of the bill.
Sprigg & Fitzgerald, for Plaintiff in Error.
L. S. Crickmore, for Defendant in Eirror.
But it is evident not only that it was the purpose of the legislature to provide for a review upon the weight of the evidence of a conviction under an ordinance, whether in a police court or before a mayor, but also that it has expressly provided the manner in which a bill of exceptions may be taken in those courts.
In the code of criminal procedure, (7304 Revised Statutes), it is provided that “the taking of all bills of exceptions shall be governed by the rules established in civil cases,” and that this applies to bills of exceptions taken before a mayor or in a police court is apparent from the considerations following.
In Williams v. The State, supra, the court held that the municipal code provided specifically, by sections 179, 180 181, the mode of reviewing their decisions, and that therefore the legislature did not intend that the general provisions of the criminal code in relation to reviewing criminal proceedings should apply to police courts. But in 75 O. L-, 420, following the act revising the municipal code and making it a part of the Revised Statutes of 1880, is a table, presumably prepared by the commissioners who revised the statutes, showing what disposition is made of each section of the municipal code, or rather where to look for it in the revision, and an examination of this table discloses that sections 179, 180, 181 are to be found in the criminal code which had been previously carried into the Revised Statutes, (74 O. L., 310).
Section 179, is to be found in section 7356, and section 181, which prescribed the time and manner of taking a bill of exceptions, is merged in or made unnecessary by the provisions of section 7304. So that the reasoning in Williams v. The State, supra, no longer applies. The time and manner of taking bills of exceptions before mayors and in the police courts is not now provided for in the municipal code, but in the code of criminal procedure, and the legislature points to that for authority.
And this is as it should be, for it simplifies practice, and procedure, when practicable, should be the same in every court or tribunal and before every board or officer.
The finding of the mayor is manifestly against the weight of the evidence, and the judgment of the court of common pleas is therefore affirmed.